Richardson, J.,
delivered the opinion of the court:
This action is founded upon two certificates issued by the auditor and comptroller of the District. The defense set up is that the court has no jurisdiction, notwithstanding the District claims Act (1880, June 16, ch. 243, Supplement to Rev. Stat., 562) expressly confers upon the court jurisdiction of “all certificates issued by the auditor and comptroller of the District of Columbia.” The circumstances under which the certificates were issued are relied upon as sustaining the defense.
These circumstances concisely stated are as follows: The claimant was the owner of three tax-lien certificates, one issued by the old corporation of Washington and two by the District authorities of a later date, each of which was a lien upon certain lots of land in Washington, for the amount therein stated as overdue and unpaid taxes and assessment upon said land.
The owners of the land in each case proved tg the District Commissioners, one in 1877 and the others in 1879, that the assessments upon their lands, for which said lien certificates were issued, were erroneous in that they were for too large an amount.
The Commissioners therefore reduced the assessments, released the lien on their lots and canceled the certificates upon payment of the reduced amount into the District treasury by the lot-owners.
The Commissioners required the claimant to surrender his certificates upon paying to him the amount collected of the lot- *651 owners upon the redueed assessments and upon giving to him for the balance the following certificate now in suit:
“Auditor’s and Comptroller’s Oeeice, D. C.,
Dee. 29, 1877.
“This is to certify that Isaac S. Lyon surrendered tax-lien certificate No. 7550 issued against lot part of 40 and improvements, square 878, for general taxes for the year ending June 30, 1873, amounting to nine and dollars, on which there has been collected and paid to said Lyman (see audit No. 11948 of 1877), on account of principal, four and dollars, leaving a balance uncollected of five and dollars ($5.32) with interest at 10 per cent, from July 1, 1873.
“ John T. Yinton,
“Auditor and Comptroller, D. (7.”
“Auditor and Comptroller’s Orrice, D. C.,
“ Washington, May 13, 1879.
“ This is to certify that Isaac S. Lyon surrendered two pieces of special tax scrip Nos. 460,464, for setting the curbstone and paving for footway in front of sq. 900. lot 27, assessed to ManuelMason, amounting to thirty-five and T-®-y dollars ($35.06), on which there has been collected and paid to said Lyon, on account of principal, fourteen and -‡§¶ dollars ($14.32), leaving a balance uncollected of twenty and dollars, with interest at ten per centum per annum from October 26, 1868.
“John T. Yinton,
“Auditor and Comptroller, D. (7.”
There is nothing in the circumstances proved which impeach or discredit these certificates in the slighest degree.
The District Commissioners, finding that the lot-owners had been assessed too much, very properly reduced the assessments, and discharged the lien on the land upon payment of the reduced amount. . This involved the necessity of making a settlement with the claimant, who held tax-lien certificates issued by the District and purchased by the claimant. Such a settlement was made by which he received the amounts collected and certificates now in suit for the balance.
When the Commissioners destroyed the claimant’s lien by settling with the lot-owners for amounts less than the claims which they had sold, that was an implied obligation to pay him the difference. This was recognized by the District authorities by the issue of certificates for the amount of such difference.
*652 The certificates do not contain any express promise to pay, nor was that either necessary or according to the usual course of business. Of the large number of auditor’s certificates upon which actions have been brought in this court no promise to pay is contained in any of them. They are mere statements of amounts audited, &c. (Adams Case, 17 C. Cls. R., 351). The present certificates appear to be in due form according to the method of conducting the official business of the District.
If the claimant had not the certificates of the auditor and comptroller, this court would not have jurisdiction to entertain a claim for money due him under the other circumstances of his case, because it has not general jurisdiction of all actions against the District.
The court, however, has express jurisdiction of “ all certificates issued by the auditor and comptroller of the District of Columbia,” and those upon which this action is founded come within that description.
It is urged, on the part of the defendants, that the claim upon the second certificate, of May 13, 1869, is like the first claim in the Frazer Case (18 C. Cls. R., 371), as to which we held that this court had no jurisdiction. But that is not correct. The two cases are entirely different. The Frazer claim was for the recovery of money paid to the corporation of the city of Washington for land purchased at a tax sale, the sale having proved to be erroneous and void. It was therefore a claim against the city of Washington. As to claims of that class, a special provision was made by law as to how they should be paid. The sinking-fund commissioners were authorized to pay them after an examination and approval by themselves and by the auditor and comptroller of the District. The latter officers had examined and approved the Frazer claim and so certified, but the commissioners had not done so. We held that the certificate was incomplete, that it is only such certificates as are complete in themselves, of which the District claims Act gives the court jurisdiction, and that independently of any certificate by the District authorities we had no jurisdiction of claims against the city of Washington.
In the present case it is true that one of the certificates sued upon grew out of a tax-lien certificate issued by the corporation of Washington, but it was the Commissioners of the District who canceled it and destroyed its value, and who settled with *653 the claimant therefor by paying him the money collected, and giving him a certificate for the balance. The claimant’s demand is therefore directly founded upon the acts of the District and not upon the obligations of the city of Washington.
The claimant is therefore entitled to recover the amount of his two certificates, with interest thereon, according to their terms, to August 1,1874, when for the purposes of settlement in this court they became due and payable within the meaning of section 6 of the District claims Act of June 16, 1880 (Sup. to Rev. Stat., 562), as held in Fendall's Case (16 C. Cls. R., 106).
Judgment will be entered for the claimant for the sum of $38.60, due and payable August 1, 1874.